FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 26 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                        No. CIV-02-0628 BB/WWD
                        CR-98-177 BB

MICHAEL WAYNE REED,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to alter or amend judgment (CIV Doc. #11; CR Doc. #192) (the "motion") under Fed.R.Civ.P. 59(e). Defendant contends that the Court's dismissal of his § 2255 motion was based on erroneous premises. Specifically, Defendant claims he was not responsible for his failure to timely file his § 2255 motion. He also claims the Court should not have considered Plaintiff's motion to reconsider (CIV Doc. #5; CR Doc. #189), but, rather, should have ordered an answer to the § 2255 motion and set a hearing on the merits. Defendant asks for a certificate of appealability if the Rule 59(e) motion is denied.

Plaintiff argues that Defendant's Rule 59(e) motion was untimely filed. A motion to alter or amend judgment must be filed within ten days from entry of the judgment at issue. Fed.R.Civ.P. 59(e). Here, the original order dismissing Defendant's § 2255 motion was entered on the docket and distributed to counsel on September 23, 2002,[1] and the instant motion was filed fourteen days later on October 7. "In calculating the Rule 59(e) ten-day period relative to the district court's summary judgment order, the day the order was filed and intermediate Saturdays, Sundays, and legal holidays are not included in the computation." *Parker v. Bd. of Pub. Util.*, 77 F.3d 1289, 1290 n.2 (10th Cir.

---

[1] A copy of the order was entered on the criminal docket on September 26, 2002.

1996) (citing Fed.R.Civ.P. 6(a)). Excluding the four weekend days (9/28-29/02 and 10/5-6/02) from the computation of the ten days after judgment, Defendant's motion was filed on the tenth day and was thus timely under Fed.R.Civ.P. 59(e).

Timely or not, Defendant's Rule 59(e) motion may not be considered by this Court in the first instance. Under Tenth Circuit decisions, Defendant's motion is considered a second or successive § 2255 motion, *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (per curiam); *United States v. Bovie*, No. 01-1097, 2001 WL 863578, at **1 (10th Cir. July 31, 2001); *United States v. Sternberg*, No. 00-3065, 2001 WL 170479, at **2 (10th Cir. Feb 21, 2001), and this Court has no jurisdiction to consider the merits of the Rule 59(e) motion. *Bovie*, 2001 WL 863578, at **1. Before a defendant may file or prosecute a second or successive § 2255 motion, an order authorizing the filing must be issued by the appropriate court of appeals. *Sternberg*, 2001 WL 170479, at **2; 28 U.S.C. §§ 2244(3)(A), 2255. This proceeding will be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS THEREFORE ORDERED that Defendant's motion to alter or amend judgment (CIV Doc. #11; CR Doc. #192) is DENIED without prejudice for lack of jurisdiction;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this proceeding to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

                                                UNITED STATES DISTRICT JUDGE