## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                            No. CIV-02-0628 BB/WWD

MICHAEL WAYNE REED,                              CR-98-177 BB

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on remand from the Court of Appeals for the Tenth Circuit

for further proceedings. In its order, the Court of Appeals vacated this Court's order entered

November 27, 2002, by which Defendant's motion to alter or amend judgment was transferred as

a second or successive § 2255 motion. Subsequently, the Court of Appeals abated Defendant's

related appeal to allow this Court to rule on Defendant's "motion to reconsider." The Court now

considers the merits of Defendant's motion to alter or amend judgment (CIV Doc. #11; CR Doc.

#192) (the "motion"). Under applicable standards, Defendant's motion will be denied.

"[I]n determining whether to grant or deny a Rule 59(e) motion to alter or amend the

judgment, the district court is vested with considerable discretion." *Brown v. Presbyterian

Healthcare Services*, 101 F.3d 1324, 1332 (10th Cir. 1996). "A Rule 59(e) motion to alter or amend

the judgment should be granted only ' "to correct manifest errors of law or to present newly

discovered evidence." ' " *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations

omitted); *and see In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Lavespere v.

Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174-75 (5th Cir. 1990) (noting Fifth Circuit

standard that Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly

discovered evidence"), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th

Cir. 1994). In his motion, Defendant claims the Court erred by failing to strike Plaintiff's earlier

motion to reconsider (CIV Doc. #5; CR Doc. #189) and to order an answer to the § 2255 motion and

set a hearing on the merits. He claims the Court erroneously found that he was responsible for his

failure to timely file his § 2255 motion[1] and that he did not diligently pursue his claims under § 2255.

These arguments do not establish manifest errors of law or fact or present new evidence.

Defendant's argument for striking Plaintiff's motion to reconsider, which was also made in

Defendant's earlier response (Doc. #9), is not persuasive. In its motion to reconsider, Plaintiff asked

the Court to set aside the order for an answer and dismiss the § 2255 motion. Defendant argues that

Plaintiff cited no authority for filing a motion to reconsider[2] and did not contact opposing counsel

as required by local rule. First, Defendant offers no authority for striking a pleading in this context.

A responsive pleading should not be stricken unless it sets up an insufficient defense or contains

immaterial or scandalous material. Fed.R.Civ.P. 12(f); *Phillips v. Carey*, 638 F.2d 207, 208-09 (10th

Cir. 1981). Second, the applicable rule contemplates alternative pleadings. Rule 4(b) Governing

Section 2255 Proceedings. And furthermore, a motion to dismiss for failure to state a claim may be

filed in lieu of an answer. Fed.R.Civ.P. 12(b) (applicable through Rule 12 Governing Section 2255

Proceedings).

As further grounds for striking Plaintiff's motion to reconsider, Defendant claims Plaintiff

---

[1]   Defendant apparently has abandoned the claim that his § 2255 motion was timely. *See Clay v. United States*, No. 01-1500, --- U.S. --- (March 4, 2003) (conviction becomes final ninety days after court of appeals affirms; rejecting "mandate" rule).

[2]   Defendant also asserts that Plaintiff's motion to reconsider (Doc. #5) cites no authority in support of its argument that the § 2255 motion was untimely. Review of the motion, which cites record, statutory, and decisional authority, squarely contradicts this assertion.

2

failed to determine whether Defendant would oppose the motion, as required by local rule.
Defendant's invocation of this local rule is proper, of course. Conversely, Defendant himself
presumed opposition and did not seek concurrence in his own motion to alter or amend judgment.
Counsel for both parties are admonished to comply with the Court's local rules,[3] but striking an
otherwise appropriate substantive motion on that basis is too drastic in this circumstance. *Cf.
Parker v. Central Kansas Medical Center*, No. 02-3099, 2003 WL 408109, at *4 (10th Cir. Feb. 24,
2003) (citing *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (reversing a summary judgment
granted for failure to comply with local rule). The decision not to strike Plaintiff's earlier motion
to reconsider will not be set aside.

Defendant makes two substantive arguments in his motion to alter or amend. He claims he
was not responsible for his failure to timely file his § 2255 motion and he pursued his remedies
diligently.[4] In support of these claims, Defendant alleges that he "contracted counsel to file the 2255
Motion" and that he should not be penalized for his attorney's failure to file timely. To the contrary,
Defendant is bound by his attorney's conduct of the litigation. *Gripe v. City of Enid, Okla.*, 312 F.3d
1184, 1189 (10th Cir. 2002); *and see Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("For
example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner
and do not request an explanation from the petitioner before acting on the petition."). Furthermore,
as noted in the Court's earlier order, tolling is not an available remedy for lack of access to files and
transcripts. Defendant had nearly three years to obtain these materials, and he makes no allegation

---

[3]     In particular, the government's assertion that it was not obligated to contact counsel, and both
parties' assertions that opposition to their motions could be presumed, find no support in the Court's rules.

[4]     In his earlier response (Doc. #9), Defendant argued that he had no control over the causes of his
untimeliness. This argument, which finds no support in his allegations, appears to have been abandoned.

3

that he sought an order from this Court directing former counsel to turn over documents. Counsel's untimeliness and lack of diligence are attributed to his client, *Link*, 370 U.S. at 634 n.10, and Defendant's claims to the contrary do not posit "manifest errors of law or fact," *Lavespere*, 910 F.2d at 174; *Phelps v. Hamilton*, 122 F.3d at 1324, as required for altering or amending the dismissal order.

Finally, Defendant's motion does not make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). His renewed request for a certificate of appealability, therefore, will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to alter or amend judgment (CIV Doc. #11; CR Doc. #192) filed October 7, 2002, including the renewed request for a certificate of appealability, is DENIED.

UNITED STATES DISTRICT JUDGE

4